IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Eric Kelley, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>United Parcel Service, Inc., )<br>)<br>Defendant. )<br>_____) | **COMPLAINT**<br>**Jury Trial Demanded** |

The plaintiff, complaining of the defendant herein, would respectfully allege as follows:

1. The plaintiff is a citizen and resident of Darlington County, South Carolina residing at 706 Piney Drive Drive, Hartsville, South Carolina 29550.

2. The defendant, United Parcel Service, Inc. ("UPS") is a non resident corporation with offices and operations located throughout the State of South Carolina with an office in Florence, South Carolina.

3. This action arises under Title VII of the 1991 Civil Rights Act and amendments thereto. As to the causes of action herein, charges have been filed with the appropriate state and federal agencies, right to sue letters have been issued and received and this action is timely.

4. Jurisdiction exists pursuant to 28 U.S.C. Section 1343(4) which gives the District Court original jurisdiction over any civil action authorized by law to be commenced by any person to recover damages under any Act of Congress providing for the protection of civil rights.

5. Venue lies within the Florence Division pursuant to 28 U.S.C. Section 1381(b) because UPS's office is located in this judicial district and most of the events giving rise to this action occurred in the Florence Division.

6. The plaintiff is an African-American male, 45 years of age and was previously employed by UPS as an air driver in its facility in Florence, S.C.

7. The plaintiff has consistently performed his duties and responsibilities in a positive and professional manner, receiving very favorable evaluations over the course of his career with UPS.

8. At numerous times in the last years of his employment, plaintiff has been treated differently and disparately from other white workers at UPS Florence facility and had been held to a different, more stringent standard of performance.

9. On January 3, 2009 he was required to go to the Florence facility alone, sit outside while the facility was locked and wait for another driver to arrive some time later. His manager knew it was dangerous and had been the site of earlier criminal activity. Plaintiff was fired for failing to immediately agree to such order. When the manager asked a white male counterpart to perform the task, the latter refused and no action was taken against him by his white manager. Yet even when plaintiff relented in his opposition, he was fired for his refusal to go there and for "arguing" with defendant's manager.

10. The termination of the plaintiff and much of the treatment accorded to him were disparate and discriminatory and white store employees and other personnel of UPS similarly situated were not treated in the same manner as the plaintiff which constitutes prohibited conduct under Title VII of the 1991 Civil Rights Act and amendments thereto and amounts to unlawful race discrimination. Further a climate of racial favoritism has existed at the facility and continues to exist and black employees are held to a different, higher standards of performance and conduct than their white counterparts.

11. As a direct and proximate result of the actions and inactions of UPS, the plaintiff has sustained the loss of his job, loss of earning capacity and future earnings, retirement and other benefits, as well as reputational loss and mental and emotional suffering.  The plaintiff is entitled to an award of attorney's fees and costs.  Further, the plaintiff is entitled to an award of punitive damages for the intentional and malicious conduct by the defendant and its agents, acting within the course and scope of their employment with UPS.

WHEREFORE, the plaintiff prays for judgment against the defendant UPS for an appropriate amount of compensatory, actual and punitive damages, as well as a reasonable award of attorney's fees and costs, back pay, front pay and appropriate equitable relief.

CROMER & MABRY

BY:    s/J. Lewis Cromer
       J. Lewis Cromer (#362)
       Tandi D. Ross (#10370)
       Julius W. Babb, IV (#10500)
       1522 Lady Street
       Post Office Box 11675
       Columbia, South Carolina 29211
       Phone  803-799-9530
       Fax    803-799-9533

Attorneys for Plaintiff

June 2, 2010