IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Eric Kelley,<br><br>    Plaintiff,<br><br>vs.<br><br>United Parcel Service, Inc.,<br><br>    Defendant. | Civil Action No. 4:10-cv-01420-RBH<br><br>**PLAINTIFF'S OBJECTIONS TO THE REPORT AND RECOMMENDATION** |

By and through his undersigned counsel, the Plaintiff hereby submits his Objections to the Magistrate Judge's Report and Recommendation.

### I. BACKGROUND

Plaintiff Eric Kelley's ("Plaintiff") objections come as to the Magistrate Judge's Report and Recommendation ("R&R") filed on August 2, 2012 recommending summary judgment be granted to Defendant United Parcel Service, Inc. ("Defendant") and the case be dismissed entirely. [Dkt. 69]. Defendant initially filed its Motion for Summary Judgment on November 9, 2011. [Dkt. 45]. Plaintiff filed his Memorandum in Opposition ("Memo in Opp") on December 22, 2011[1]. [Dkt. 56]. Defendant filed its Reply on January 10, 2012. [Dkt. 61].

### II. STANDARD

The Magistrate Judge makes a recommendation to the District Court but the responsibility to make a final determination rests with the District Court as the recommendation has no presumptive weight. *Mathews v. Weber,* 423 U.S. 261 (1976). The Court is charged with

---

[1] Plaintiff hereby incorporates by reference his Memorandum in Opposition to Defendant's Motion for Summary Judgment and craves reference thereto.

1

making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. 28 U.S.C. § 636(b). The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *Id.* In the absence of an objection, the Court reviews the Report for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.,* 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation").

### III. OBJECTIONS

**A. Magistrate Judge erred in finding that the Plaintiff and Jamie McDonald were not similarly situated.**

The Magistrate Judge held that the Plaintiff failed to show that he and Jamie McDonald were comparators because McDonald refused the shuttle run while the Plaintiff refused to wait outside as part of the shuttle run assignment. The Court focuses on the allegation that refusing the shuttle run itself was an "option," but refusing to wait outside during the shuttle run was violating an "instruction." (R&R, p. 8). The Court relies on the language "to be deemed 'similarly-situated,' the individuals with whom the plaintiff seeks to compare his/her treatment must have dealt with the same supervisor, have been subject to the same standards and have engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it." *Mitchell v. Toledo Hosp.,* 964 F.2d 577, 583 (1992).

McDonald is a full-time air driver at the Florence facility under the supervision of Brad Hanser (business manager of the Florence center) and he was working on the day of the

discharge.  Defendant's assertion[2] that Brad Hanser offered a white driver the option to volunteer for the shuttle run, yet expressly instructed the Plaintiff, a black driver, to do the shuttle run is itself disparate treatment and actually supports McDonald as a valid comparator.  The differentiating circumstance that the Court relies on, McDonald's "option" versus the Plaintiff's "instruction," is not an example of a differentiating or mitigating circumstance but an example of disparate treatment.

Moreover, there is a dispute of material fact that should be resolved in a light most favorable to Plaintiff. Defendant bases its assertion on Hanser's declaration that he was allowed to require Plaintiff to make the shuttle run first and then subsequently offer the shuttle run on a volunteer basis to other drivers. (*See* Hanser Declaration). Hanser further alleges that Plaintiff refused the shuttle run. *Id*. However, the Plaintiff explicitly denies refusing the shuttle run. (Pl. Dep. 108-111). Furthermore, a 22.3 driver– not a part-time driver– should have been ultimately required to make the run. (Pl. Dep. 82-84, 86-89; Pl. 9/30/11 Dep. 13-15; Blyther Dep, pp. 19-20). A 22.3 air driver, such as McDonald, should have been offered the job before the part-time air drivers such as Plaintiff. *Id*. In the event the 22.3 drivers refuse, the part-time air drivers would be offered the position. *Id*. However, if no part-time air driver was available, a 22.3 driver would be **required** to perform the shuttle run. *Id*.

The Magistrate Judge erred by concluding that the Plaintiff was insubordinate, when he offered testimony showing he did not refuse the run but instead raised concerns. (R&R, p. 8). Raising safety concerns is not the equivalent of refusing to follow instructions or insubordination; and there is, at a minimum, a dispute of material fact such that summary judgment is not appropriate.  The Magistrate Judge further erred by disregarding the Plaintiff's

---

[2] Plaintiff's reference to the Defendant's arguments are referring to the relevant portions of the Defendant's Memorandum in Support of Summary Judgment, Dkt. No. 45-1.

testimony concerning how the shuttle run is offered and relying only on the Hanser Declaration. In support of this determination, the R&R relies on deposition testimony of the Plaintiff (R&R, p. 2 (*citing* Plaintiff's 9/30 Dep. at 18, 20-21, 24)). The Plaintiff clearly asserts that management has to offer the run to 22.3 drivers first, then to part-time air drivers second, and if no one volunteers, a 22.3 driver would be assigned the task. In the testimony in question, it seems unclear as to what counsel is asking Plaintiff. Counsel appears to ask Plaintiff about a scenario where there is only one driver available (a part-time air driver) and does not account for other part-time or full-time drivers. Plaintiff says he is not sure about management rules on that matter. (Plaintiff 9/30 Dep. at 20-21). Yet during this same portion of testimony, Plaintiff states that if management assigns the run to a part-time driver first, the 22.3 drivers could then "file [a grievance] on it." In other words, management may try to assign tasks one way, but that such an assignment is in violation of policy and procedure under the CBA. Even Hanser's Declaration indicates that he would have had to offer the run to drivers based on seniority before he could instruct a driver to do the run because no one volunteered. (See Hanser Declaration, ¶ 12). In the present action, Hanser failed to follow this procedure and instead instructed Plaintiff to make the run **before** ever offering the run to higher seniority personnel (such as Jamie McDonald) on a volunteer basis. Plaintiff's testimony on how runs are assigned should not have been disregarded, as it creates a genuine issue of material fact and, at a minimum, establishes that McDonald is a valid comparator for purposes of surviving summary judgment.

    These facts, considered in a light most favorable to Plaintiff, show that McDonald is a valid comparator. McDonald and Plaintiff are both air drivers and the same supervisor interacted with both; yet McDonald was treated better than Plaintiff. Thus Plaintiff has established a *prima facie* case and summary judgment should be denied.

### B. Magistrate Judge erred in determining that Plaintiff failed to show facts creating an inference of discrimination sufficient to state a *prima facie* case.

The fourth element of a *prima facie* case of race discrimination can be established by showing "that similarly situated employees outside the protected class received more favorable treatment." (R&R, pp. 5-6 (citing *White V. BFI Waste Services, LLC*, 375 F.3d 288, 295 (4th Cir. 2004))). "The fourth element can also be established by presenting evidence raising an inference of discrimination." (R&R, p. 7 (citing *Miles v. Dell, Inc.*, 429 F.3d 480, 486-87 (4th Cir. 2005); *EEOC v. Sears Roebuck & Co.*, 243 F.3d 846, 851 n. 2 (4th Cir.2001) (citing *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981))).

The Magistrate Judge erroneously determined that McDonald is not a valid comparator; thus Plaintiff has established the fourth element of a *prima facie* case. (Discussed in Section III.A, *supra*). The Magistrate Judge also erroneously concludes that Plaintiff cannot establish the fourth element by presenting evidence raising an inference of discrimination. (R&R, p. 8). In order to show that an adverse employment action is pretext for discrimination, a court should consider "other evidence that may be relevant to any showing of pretext including facts as to the petitioner's treatment of respondent during his prior term of employment… and practice with respect to minority employment." *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 804 (1973). The evidence of disparate treatment involving his termination and the previous incidents of discrimination should be considered in order to establish that the adverse employment action taken against Plaintiff was pretext for discrimination and demonstrate a pattern of disparate treatment. Thus the Plaintiff has established a *prima facie* case by showing evidence raising an inference of discrimination. (See Section III.C, *infra*, discussing pretext).

### C. Magistrate Judge erred in determining that Plaintiff has not provided evidence of pretext as to the Title VII discrimination claim.

The Magistrate Judge erroneously determined that Plaintiff had not provided sufficient evidence to allow a reasonable jury to conclude that past incidents of discrimination combined with the claim in this matter show that the adverse employment action taken by Defendant was a pretext for racial discrimination. (R&R, p. 9-11).

The Magistrate Judge considers each incident of discriminatory treatment individually but does not consider cumulative effect that the several incidents have had on Plaintiff nor the conclusions that can be drawn fairly therefrom. Plaintiff has set forth several examples of times when he was treated differently than similarly situated individuals of a different race and has also cited the deposition of Octavious Blyther, who also noticed a difference between the treatments of black and white employees. (Blyther Dep., p. 13). The Magistrate Judge scrutinized each of these incidents individually but failed to consider that the repetition of disparate treatment in the workplace is evidence of discrimination. These incidents are not isolated; but instead show, when combined with the allegations surrounding the termination itself, the discriminatory treatment Plaintiff suffered at the hands of his superiors.

Furthermore, summary judgment should only be granted in those cases where it is perfectly clear that no issue of fact is involved and that inquiry into the facts is not necessary. *McKinney v. Board of Trustees of Maryland Community College*, 955 F.2d 924 (4th Cir. 1992). A district court should not grant summary judgment "unless the entire record shows a right to judgment with such clarity as to leave no room for controversy and establishes affirmatively that the adverse party cannot prevail under the circumstances." *Campbell v. Hewitt, Coleman & Assocs.*, 21 F.3d 52, 55 (4th Cir. 1994). Summary judgment is inappropriate "even where there is no dispute as to the evidentiary facts but only as to the conclusions to be drawn therefrom."

*Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir. 1979). This means that as the non-moving party, Plaintiff is entitled to have "the credibility of his evidence as forecast assumed, his version of all that is in dispute accepted, all internal conflicts in it resolved favorably to him, the most favorable of possible alternative inferences from it drawn in his behalf; and finally, to be given the benefit of all favorable legal theories invoked by the evidence so considered." *Charbonnages*, 597 F.2d at 414; *see also*, *M&M Medical Supplies & Servs. v. Pleasant Valley Hosp.*, 981 F.2d 160 (4th Cir. 1992).

The incidents of disparate treatment set forth create a genuine issue of fact that should be left to a jury. In several incidents, Plaintiff showed how he was treated differently than similarly situated white employees, thus there is an inference of discrimination. (See, generally, Plaintiff's Memo in Opp). In failing to consider the incidents together and the totality of the circumstances, the Magistrate Judge erroneously reasoned that no reasonable jury could determine that several incidents of disparate treatment established a pattern of racial discrimination and conclude that the firing of Plaintiff was pretextual.[3]

---

[3] Although Plaintiff contends that he has shown enough evidence of disparate treatment involving the termination itself to establish pretext and survive summary judgment.

## IV. CONCLUSION

For the foregoing reasons, the Magistrate's Report and Recommendation should be rejected and summary judgment denied.

J. LEWIS CROMER & ASSOCIATES, L.L.C.

BY:   s/Julius W. Babb
J. Lewis Cromer (#362)
Julius W. Babb, IV (#10500)
1522 Lady Street
Post Office Box 11675
Columbia, South Carolina 29211
Phone  803-799-9530
Fax     803-799-9533

Attorneys for Plaintiff

August 20, 2012
Columbia, SC